# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF MARIPOSA, et al., <br><br> Defendants. | Case No.  1:12-cv-01885-AWI-SAB <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION TO SET ASIDE THE JUDGMENT <br><br> (ECF No. 29, 36, 38, 42, 44, 45, 46) <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO FILE AMENDED OBJECTIONS AND STRIKING OBJECTIONS FILED ON APRIL 14, 2014 <br><br> (ECF No. 41, 43) |

Plaintiff filed the Complaint in this action in the Mariposa Superior Court on August 20, 2012. Defendants removed the action to the Eastern District of California on November 15, 2012. After the parties reached a settlement, Plaintiff filed a Motion to Dismiss this action with prejudice on November 20, 2013. On November 22, 2013, the Court issued an Order dismissing this action with prejudice. On January 23, 2014, Plaintiff filed a Motion to Set Aside the Final Judgment in this action. An evidentiary hearing was held by the Magistrate Judge on March 13, 2014.

On March 17, 2014, the Magistrate Judge filed a Findings and Recommendations, which was served on the parties and which contained notice to the parties that any party could file objections to the Findings and Recommendations. On March 21, 2014, an Amended Findings and Recommendations issued clarifying the objection period. On April 14, 2014, Plaintiff filed

1

1  objections. On April 24, 2014, Plaintiff filed a motion to file amended objections and amended
2  objections. (ECF Nos. 42, 43.) On April 29, 2014, Defendants filed a response to Plaintiff's
3  objection. (ECF No. 44.) On May 14, 2014, Defendants filed a response to Plaintiff's amended
4  objections, along with a supportive declaration. (ECF Nos. 45, 46.) In the interests of justice, the
5  Court shall grant Plaintiff's motion to file amended objections and strike the objections filed on
6  April 14, 2014.

7  The primary contention in the amended objections is that Plaintiff was not represented by
8  attorney Eugene Action during the evidentiary hearing and he was confused as to which action
9  the hearing concerned. Plaintiff requests that the hearing be set aside and a new hearing
10 conducted with Eugene Action acting as his attorney.

11 Plaintiff states that he was unaware that the hearing on the motion to set aside the
12 judgment was taking place in this action, Hanna v. Mariposa County ("Hanna 3") 1:12-cv-01885-
13 AWI-SAB. However, it was this action, Hanna 3, in which judgment was entered and the order
14 setting the evidentiary hearing clearly identified this action. Plaintiff also personally filed a
15 motion to vacate the judgment in Hanna 3. Finally, Plaintiff's other action, Hanna v. Mariposa
16 County Sheriff Dept. ("Hanna 2"), No. 1:12-cv-0501 AWI SAB, remains open; making the issue
17 of a vacating any judgment irrelevant to Hanna 2.

18 Plaintiff contends that he was denied the right to counsel during the hearing. Counsel was
19 present at the hearing and testified as a witness. Mr. Action had every opportunity to represent
20 Plaintiff during the hearing. When all witnesses were excluded from the hearing, Mr. Action left.
21 Plaintiff never objected or requested that Mr. Action stay nor did Mr. Action present himself at
22 counsel table when he appeared for the hearing.[1] The first time any argument that Plaintiff lacked
23 his counsel and was not proceeding in pro se was Plaintiff's objections to the Magistrate Judge's
24 Findings and Recommendations. A new argument or theory cannot properly be raised in
25 objections to Findings and Recommendations. Greenhow v. Secretary of HHS, 863 F.2d 633,

26

27 [1] Further defense counsel has submitted a declaration that prior to the hearing she inquired whether Plaintiff was
being represented during the hearing and both Plaintiff and Mr. Action responded that he was representing himself in
28 the matter. (Decl. of Jena M. Graykowski, ECF No. 46.)

2

638-39 (9th Cir. 1988); Wade v. Liles, 2007 WL 2481881, *2 (E.D.Cal. 2007); Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001).  "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."  Greenhow, 863 F.2d at 638.  Finally, Plaintiff filed a motion to set aside the judgment in this action (Hanna 3) in pro se, implying he wished to represent himself at the hearing.  The Court does not find that Plaintiff was denied the right to counsel during the hearing.

Plaintiff objects on the ground that this Court's relation of Hanna 3 to Hanna 2 somehow confused Plaintiff because they are now the same case.   However, Plaintiff mistakes relation, which merely assigns similar cases to the same District Judge and Magistrate Judge, with consolidation, which causes the actions to become one action.  Hanna 3 and Hanna 2 were not consolidated.

Finally, the documents filed since the Findings and Recommendations were filed provide additional support for the Magistrate Judge's finding that Plaintiff is not credible.  At the evidentiary hearing Plaintiff argued that an e-mail written to Mr. Action, quoted on page 5 of the Findings and Recommendations, referred to Hanna 2, or possibly yet another case.  However, on page 4 of Plaintiff's April 24, 2014 motion to re-submit objections, Plaintiff makes the inconsistent argument that Mr. Action had no knowledge of Hanna 2.  The Court recognizes that a plaintiff acting in pro se may make a mistake or misspeak on occasion.  However, given the vast credibility problems found by the Court, the Court simply cannot grant Plaintiff's motion.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file amended objections is GRANTED;
2. Plaintiff's objections filed April 14, 2014, are STRICKEN FROM THE RECORD;

      3.      The Findings and Recommendations, filed March 17, 2014, as amended March 21, 2014, is adopted in full;

      4.      Plaintiff's Motion to Set Aside the Judgment is DENIED.

IT IS SO ORDERED.

Dated:   May 22, 2014                              _____
                                                  SENIOR DISTRICT JUDGE