# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MARIPOSA, et al.,<br><br>Defendants. | Case No. 1:12-cv-01885-AWI-SAB<br><br>ORDER RE TRANSCRIPT REQUEST AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 48) |

On February 22, 2013, pursuant to Plaintiff's notice of voluntary dismissal, this action was dismissed with prejudice. The Court held an evidentiary hearing on March 13, 2014, to consider whether default should be set aside in this action. On May 5, 2014, an order issued denying the motion to set aside the judgment. On July 2, 2014, Plaintiff filed a motion for transcripts and requested a form for appointment of counsel.

Initially, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted). The in forma pauperis statute does not authorize the expenditure of public funds to provide copies of transcripts. To request a copy of the transcripts of the evidentiary hearing held on March 13, 2014, Plaintiff is directed to the court's website at www.caed.uscourts.gov. The Transcript Order Form (CAED 435) is available under Forms; Civil Forms. Plaintiff is advised that the Court Reporter for the hearing was Karen Hooven. To obtain the estimated cost of the

1

1   hearing transcript, Plaintiff may contact Ms. Hooven at (559) 264-0584.

2         Plaintiff also requests a form to apply for appointment of counsel.  There is no form to request appointment of counsel, however, the Court shall construe the request as a motion for appointment of counsel.  Generally, a plaintiff in a civil action does not have a constitutional right to appointed counsel.  <u>Hernandez v. Whiting</u>, 881 F.2d 768, 770-71 (9th Cir. 1989).  The court has discretion to appoint an attorney to represent "any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Three factors the court should consider in determining whether to appoint counsel are the plaintiff's financial resources, efforts the plaintiff has made to obtain counsel, and the merit of plaintiff's claims.  <u>Johnson v. U.S. Dep't of Treasury</u>, 939 F.2d 820, 823 (9th Cir. 1991).

11        Additionally, court appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) requires exceptional circumstances.  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  " "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision."  <u>Terrell</u>, 935 F.2d at 1017 (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir.1986)).

18        Plaintiff is proceeding in forma pauperis in this action and was represented by counsel during the pendency of the action and at the time that judgment was entered.  Plaintiff has not presented any evidence that Mr. Action is no longer willing to represent him in this action or that he has made any attempts to obtain replacement counsel.  Further, judgment has been entered in this action pursuant to Plaintiff's notice of voluntary dismissal.  While Plaintiff moved to set aside the entry of judgment, the Court has found that the parties entered into a settlement agreement and the motion to set aside entry of judgment has been denied.

25        Further, the Court does not find exceptional circumstances exist in this action to require the appointment of counsel.  Plaintiff appeared pro se during the evidentiary hearing on his motion to set aside the judgment in this action, and based upon the hearing and the record post judgment, the Court finds that Plaintiff is adequately able to articulate his claims.  At this

2

juncture, this action has been closed and there are no pending motions or issues to be decided. Further, the legal issues involved in Plaintiff's motion to set aside default judgment were not complex. Plaintiff's motion to set aside default was based in large part on factual issues requiring a credibility determination. Based upon consideration of the above, Plaintiff's motion for appointment of counsel is denied.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for transcripts and appointment of counsel, filed July 2, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **July 7, 2014**

UNITED STATES MAGISTRATE JUDGE